**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
In re                                                            :
                                                                 :
OAS FINANCE LIMITED                                              : In a Case Under Chapter 15
                                                                 : of the Bankruptcy Code
                                                                 :
Debtor in a Foreign Proceeding.                                  : Case No. 15-11304 (SMB)
---------------------------------------------------------------- x

## DECLARATION OF ANDREW THORP

I, Andrew Thorp, pursuant to 28 U.S.C. s.1746, hereby declare under penalty of perjury under the laws of the United States of America as follows:

1. I am a partner with the law firm of Harney Westwood & Riegels ("Harneys"), where I am the head of the British Virgin Islands ("BVI") litigation and insolvency practice group. I am BVI counsel to Marcus Allender Wide and Mark T. McDonald (together, the "Petitioners") in their capacities as joint provisional liquidators of OAS Finance Limited (in provisional liquidation ("OAS Finance").[1]

2. I submit this declaration in support of the Verified Petition filed by the Petitioners, the duly authorized foreign representatives of OAS Finance, seeking recognition of the OAS Finance's provisional liquidation proceeding in the BVI (the "BVI Proceeding") pending before the High Court of Justice, British Virgin Islands, Eastern Caribbean Supreme Court – Commercial Division (the "BVI Court").

3. This declaration is comprised of both statements of legal opinion and

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Verified Petition Under Chapter 15 of the Bankruptcy Code for Recognition of a Foreign Main Proceeding, and Requesting a Temporary Restraining Order, a Preliminary Injunction, and Related Relief filed contemporaneously herewith in the above-captioned case (the "Verified Petition").

statements of fact. Where the matters stated in this declaration are statements of legal opinion, such statements represent my view of BVI law as a practicing lawyer.

4. Where the matters stated in this declaration are statements of fact that are within my personal knowledge, they are true. Where the matters stated in this declaration are statements of fact that are not within my personal knowledge, they are derived from documents and/or information supplied to me by or on behalf of the Petitioners and are true to the best of my knowledge, information and belief.

I.  **Professional Background**

5. I received my Bachelor of Laws degree from the University of Nottingham in 1994. I undertook the Legal Practice Course at Chester College of Law in 1996 and was admitted to practice as a solicitor by the Law Society of England and Wales in 1998. I was admitted to practice as a solicitor in the BVI in 2005 and from that date to 2015 I was an associate then a partner of Harneys. In 2013, I became the head of Harneys' BVI litigation and insolvency practice group. Harneys is the oldest and largest law firm in the BVI and has offices in seven other jurisdictions.

6. I am a global director of INSOL International, a world-wide federation that specialises in turnaround and insolvency representing over 44 Member Associations with over 10,000 professionals, members of the judiciary and regulators participating as members. In addition, I am the chairman of the Restructuring and Insolvency Professionals Association in the BVI and am on the editorial board of INSOL International. I am also a member of the Commercial Bar Association, an organization based in London that was formed to bring together barristers who practice international and commercial law. I am also an overseas member of the Chancery Bar Association.

7. My practice in the BVI focuses on advising *inter alia* major international

2

law firms, banks, investment funds and trust companies on all aspects of BVI contentious law, a significant proportion of which is insolvency work. Cross-border proceedings have been a feature of much of the insolvency work in which I have been involved. As a result of my extensive experience in cross-border insolvency matters, I am reasonably familiar with the provisions of Chapter 15 ("Chapter 15") of title 11 of the United States Code (the "Bankruptcy Code").

## II.    The BVI Proceeding: Procedural Background

8.    As stated above, I am familiar with the BVI Proceeding and the law governing that proceeding.

9.    OAS Finance is incorporated in the BVI and is a member of a group of companies comprised of the Brazilian company OAS S.A. ("OAS") and its direct and indirect subsidiaries which collectively comprise the "OAS Group." I understand that OAS Finance is a special purpose vehicle, the sole purpose of which was to raise financing through the international capital markets to be loaned to other members of the OAS Group. Now that that financing has been raised and the proceeds have been dispersed to other members of the OAS Group, it is my understanding that OAS Finance conducts no trading business. Additionally, it is my understanding that OAS Finance never had any employees.

10.    On March 31, 2015, ten members of the OAS Group (the "Debtors in the Brazilian Proceedings"),[2] including OAS Finance, applied for *recuperçao judicial* (the

---

[2] OAS S.A., OAS Finance Ltd, OAS Investments Ltd, OAS Investments G.m.b.H., OAS Imóveis, Constritora OAS, OAS Infraestrutura, OAS Empreendimentos, and SPE Gestão. The tenth company, OAS Investimentos, has been merged with OAS S.A. the legality of which, I understand from Mr Forssell, was the subject of a successful challenge. OAS S.A. has appealed this decision and this appeal is yet to be heard but as matters currently stand the two entities are treated as having been de-merged..

3

"Brazilian Proceeding") under Brazilian law in the First Commercial Court of the State of São Paulo (the "Brazilian Court").  On April 1, 2015, I understand that Judge Daniel Carnio Costa entered a decree accepting the petition pursuant to which the Debtors in the Brazilian Proceedings must submit a judicial reorganisation plan (the "Reorganisation Plan") within 60 days.  I am advised by the Petitioners who, in turn, have been advised by their Brazilian counsel, Mr Henrique Forssell of the firm Krikor, Kaysserlian, Duarte & Forssell, a firm of specialist insolvency and asset recovery lawyers based in São Paolo, Brazil, that the deadline for submitting the Reorganisation Plan is May 31, 2015.  Mr Forssell has filed a motion to exclude OAS Finance from the restructuring on the basis that it does not fit the Brazilian statutory definition of a company eligible for restructuring (the "Exclusion Motion").  It is anticipated that OAS will file a reply early in the week of May 18, 2015 and the Brazilian Court will make a decision by the end of that week.  Mr Forssell has also advised that the list of creditors of the Debtors in the Brazilian Proceedings was published on April 17, 2015.  OAS Finance was not listed as a creditor and so on May 6, 2015 Mr Forssell filed a formal objection and has asserted claims on behalf of OAS Finance.

11. On April 16, 2015, a group of creditors of OAS Finance filed an application with the BVI Court requesting that OAS Finance be wound up, i.e. liquidated, and that the Petitioners be immediately appointed as joint provisional liquidators for OAS Finance.

12. That same day, the BVI Court held a hearing to consider the appointment of the Petitioners as Joint Provisional Liquidators of OAS Finance.  At the conclusion of the hearing, the BVI Court entered an order appointing the Petitioners as Joint Provisional Liquidators of OAS Finance (the "Provisional Liquidation Order").

13. Although the Provisional Liquidation Order was entered on an *ex parte* basis (as is standard with respect to a provisional liquidation order entered on an urgent

4

request of creditors), the directors of OAS Finance retain the residual power to challenge and discharge the Provisional Liquidation Order upon 48 hours' notice to the applying creditors and the Petitioners.

14. Pursuant to the Provisional Liquidation Order, the Petitioners:

> have the rights and powers of a liquidator to the extent necessary to: a. maintain the value of the assets owned or managed by [OAS Finance]; and b. to carry out the functions for which the Provisional Liquidators were appointed.
>
> Provisional Liquidation Order paragraph 3.

These powers initially include, without limitation:

> a. take any appropriate step in the judicial recovery proceedings in Brazil to which the Respondent is a party and in the Chapter 15 proceedings filed in the New York bankruptcy proceedings by the Respondent on 15 April 2015 without further sanction of this Court;
>
> b. apply for the appointment of liquidators and provisional liquidators over OAS Investments Limited without further sanction of this Court;
>
> c. take possession of and protect the company's assets;
>
> d. take possession of the company's books and records including the accounting and statutory records;
>
> e. investigate the affairs of the company in so far as is necessary to protect the assets of the company;
>
> f. investigate any transactions that may result in recovery action being made if a winding-up order is made;
>
> g. commence action for the protection and recovery of company assets;
>
> h. apply to the court for directions;
>
> i. redirect email accounts and/or have such accounts closed;
>
> j. continue to operate or close or redirect company internet sites;
>
> k. have the discretion to retain, pay or dismiss employees;
>
> l. be at liberty to complete or terminate any contracts or transactions entered into by the company;

> m. engage any solicitors, other agents and specialists as may be necessary to assist him in the carrying out of his duties; and
>
> n. retain and operate the existing bank accounts of the company and where necessary open new bank accounts, to the exclusion of the powers of the directors of the Company. Such powers may be exercised jointly and/or severally.
>
> Provisional Liquidation Order, paragraphs 4(a)-(n).

Save as provided by paragraph 4(a) and (b) of the Provisional Liquidation Order, the powers are subject to the sanction of the Court insofar as they seek to deal with powers set out in paragraphs 1 to 4 of Schedule 2 of the Insolvency Act 2003 (the "<u>BVI Act</u>"). A copy of the BVI Act is attached hereto as Exhibit "A".

15. Following a hearing before the BVI Court on May 6, 2015, and in response to objections from the OAS Finance's directors, the BVI Court directed that the Petitioners would not take action under subparagraphs 4(i), 4(j) and 4(k) of the Provisional Liquidation Order. The order was not formally amended but the Petitioners gave an oral undertaking in this respect. The BVI Court further required that the Petitioners seek sanction from the BVI Court before exercising their authority under subparagraph 4(l) of the Provisional Liquidation Order (the power to complete or terminate contracts). In all other respects, the Provisional Liquidation Order remains in full force and effect.

16. As a result of the Provisional Liquidation Order, and consistent with their duties to maintain the value of assets globally, the Petitioners are expressly authorized by the BVI Court to *inter alia* take any steps in the Tavares Chapter 15 Cases without further sanction of the BVI Court.

17. The filing of a Chapter 15 case by the Petitioners for OAS Finance would be considered an action for the protection of OAS Finance's assets within the meaning of subparagraph 4(g) of the Provisional Liquidation Order. The power to commence, continue, discontinue or defend any action or other legal proceedings in the name and on

6

behalf of the company is contained in paragraph 4 of Schedule 2 to the BVI Act. As such it is caught by paragraph 5 of the Provisional Liquidation Order which provides that save as provided for in paragraphs 4(a) and (b) aforesaid the Petitioners may not exercise any of the powers set out at paragraphs 1 to 4 of Schedule 2 of the BVI Act without the sanction of the BVI Court. Accordingly on Friday, May 15, 2015, the Petitioners made an urgent application to the BVI Court for sanction to bring this Chapter 15 case. The application was granted by Mr. Justice Barry Leon and an order sanctioning this course of action was sealed on May 18, 2015 (the "Chapter 15 Sanction Order"). The order states that:

> The provisional liquidators have the sanction of the Court pursuant to paragraph 4(g) of the Order of 16 April 2015 to file a Petition for Chapter 15 recognition in the United States Bankruptcy Court, Southern District of New York and take any appropriate steps in connection therewith including applying for a temporary restraining order.

18.     Section 472 of the BVI Act provides that:

> [t]he Court may, on the application of an insolvency officer, authorize him to act in a foreign country on behalf of a Virgin Islands insolvency proceeding as permitted by the applicable foreign law.

As a result of the Provisional Liquidation Order and the Chapter 15 Sanction Order, the Petitioners are expressly authorized by the BVI Court to seek recognition from this Court of the BVI Proceeding as a foreign main proceeding pursuant to Chapter 15 of the Bankruptcy Code.

### III.    The Law Governing the BVI Proceeding

19.     As set out above, the BVI Proceeding was commenced pursuant to the BVI Act. This is the governing law of corporate insolvency in the BVI. The enacting legislation describes the BVI Act as:

> [a]n Act to reform the law relating to the insolvency of companies and foreign companies . . . and to provide, in particular, for a

7

> mechanism for insolvent persons to enter into arrangement with their creditors, an administration procedure for companies, the receivership of companies and foreign companies, the liquidation of companies . . .
>
> (See Enacting Statement of the BVI Act)

Key insolvency procedures provided for in the BVI Act include liquidation (including provisional liquidation), creditor arrangement, receiverships and administrative receivership. As a general statement, the BVI Act contains provisions broadly similar to those contained in the insolvency laws of England. Fundamentally, the key principle of BVI insolvency is the *pari passu* principle, closely following English law principles that classes of creditors will share *pro rata* in the available assets. The BVI Act provides a comprehensive "waterfall" of priority to provide for the application of the assets of a company in liquidation. The rights of secured creditors however are not affected by the liquidation of the company.[3] Additionally the principle of "set-off" will apply to mutual dealings between a company and a party for mutual debts and credit. The sanctity of netting arrangements in market contracts is also provided for in the Act.[4]

20.     The BVI Proceeding is collective in nature in that it is not for the benefit of any single creditor. Rather, the BVI Proceeding operates to resolve and determine the rights of all claimants and stakeholders, i.e., the creditor body as a whole, *vis-à-vis* OAS Finance. Following the payment of expenses and statutory priority payments (for example outstanding taxes and unpaid wages) the assets of the company will be distributed according to the waterfall as set out in s.207. Unsecured creditor claims will rank equally between themselves and if the assets of the company are insufficient to meet the claims in full, will be paid rateably. A member or past member of the company however may not claim in the

---

[3] s.175(2) of the BVI Act

[4] ss.434 and 435 of the BVI Act.

8

liquidation of the company and instead will take any dividends or profits owed to him subject to the claims of creditors. Finally any residual surplus available will be distributed rateably amongst members.

21. Any person or entity will be a creditor as a matter of BVI law if they have a claim against the debtor (whether by assignment or otherwise) that is, or would be, admissible in the liquidation of the debtor (s.9(1) of the BVI Act). Any such claim, subject to appropriate proof, may be allowed, thereby entitling such claimant to rateable payment of its claim from the assets of OAS Finance, subject to higher priority claims (such as administrative claims, expenses and statutory priorities).

22. Under s.184 of the BVI Act, which provides that a liquidator in a BVI liquidation proceeding acts as an officer of the BVI Court, court-appointed provisional liquidators are officers of the BVI Court. Upon appointment, the Petitioners act as the agent of OAS Finance and have the range of powers set out in the Order for their appointment and laid down in the BVI Act. They take custody and control of the company assets,[5] which become the subject of a statutory trust to be applied in accordance with the BVI Act and, akin to English law, for the general body of creditors.[6] Although the directors remain in office, they cease to have any powers, functions or duties other than those required by the BVI Act.[7] The liquidator will have broad powers to carry out the functions and duties provided for under the BVI Act (ss.175, 186 the BVI Act) which are set out in Schedule 2 of the BVI Act:-

---

[5] s.175(1)(a) of the BVI Act

[6] Re Oriental Inland Steam Company (1875) LR 9 Ch App 557

[7] s.175(1)(b)

## *POWERS OF LIQUIDATOR*

*(Section 186)*

*1.     Power to pay any class of creditors in full.*

*2.     Power to make a compromise or arrangement with creditors or persons claiming to be creditors, or having or alleging that they have any claim against the company, whether present or future, certain or contingent, ascertained or not.*

*3.     Power to compromise, on such terms as may be agreed*

*(a) calls and liabilities to calls, debts and liabilities capable of resulting in debts, and claims, whether present or future, certain or contingent, ascertained or not, subsisting or supposed to subsist between the company and any person; and*

*(b) questions in any way relating to or affecting the assets or the liquidation of the company; and take security for the discharge of any such call, debt, liability or claim and give a complete discharge in respect of it.*

*4.     Power to commence, continue, discontinue or defend any action or other legal proceedings in the name and on behalf of the company.*

*5.     Power to carry on the business of the company so far as may be necessary for its beneficial liquidation.*

*6.     Power to sell or otherwise dispose of property of the company.*

*7.     Power to do all acts and execute, in the name and on behalf of the company, any deeds, receipts or other document.*

*8.     Power to use the company's seal.*

*9.     Power to prove, rank and claim in the bankruptcy, liquidation, insolvency or sequestration of any member or past member for any balance against his estate, and to receive dividends, in the bankruptcy, liquidation, insolvency, sequestration or in respect of that balance, as a separate debt due from the bankrupt or insolvent, and rateably with the other separate creditors.*

*10.    Power to draw, accept, make and endorse any bill of exchange or promissory note in the name and on behalf of the company with the same effect with respect to the company's liability as if the bill or note*

*had been drawn, accepted, made or indorsed by or on behalf of the company in the course of its business.*

*11.     Power to borrow money, whether on the security of the assets of the company or otherwise.*

*12.     Power to take out in his official name letters of administration to any deceased member or past member or debtor, and to do any other act necessary for obtaining payment of any money due from a member or past member or debtor, or his estate, that cannot conveniently be done in the name of the company.*

*For the purpose of enabling the liquidator to take out letters of administration or do any other act under this paragraph, to be due to the liquidator himself.*

*13.     Power to call meetings of creditors or members for*
*(a)    the purpose of informing creditors or members concerning the progress of or matters arising in the liquidation;*

*(b)    the purpose of ascertaining the views of creditors or members on any matter arising in the liquidation; or*

*(c)    such other purpose connected with the liquidation as the liquidator considers fit.*

*14.     Power to appoint a solicitor, accountant or other professionally qualified person to assist him in the performance of his duties.*

*15.     Power to appoint an agent to do any business that the liquidator is unable to do himself, or which can be more conveniently done by an agent.*

**IV.    The BVI Proceeding is a "Foreign Proceedings" within the Meaning of Section 101(23) of the Bankruptcy Code**

23.    I am advised by United States counsel that "foreign proceeding" is defined in s.101(23) of the Bankruptcy Code to mean:

> a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the company are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.
>
> 11 U.S.C. s.101(23).

24.    It is my opinion that the BVI Proceeding satisfies the above definition of

11

"foreign proceeding." It is a judicial proceeding under the supervision of the BVI Court, in which the rights of creditors and contributories (i.e. equity holders) *vis-à-vis* OAS Finance will be determined. It was commenced pursuant to Part VI of the BVI Act, which is a law relating to the insolvency and winding-up of companies. The assets and affairs of OAS Finance is subject to the full control and supervision of the Petitioners, as court officers, and of the BVI Court, for the purpose of liquidating OAS Finance.

25. As such, it is my opinion that the BVI Proceeding is a "foreign proceedings" within the meaning of s.101(23) of the Bankruptcy Code.

## V. Each Petitioner is a "Foreign Representative" within the Meaning of Section 101(24) of the Bankruptcy Code

26. I am advised by United States counsel that "foreign representative" is defined in s.101(24) of the Bankruptcy Code to mean:

> A person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

11 U.S.C. s.101(24).

27. It is my opinion that the Petitioners satisfy this definition. As officers of the BVI Court, the Petitioners are duly authorized and empowered by the BVI Court by reason of the Provisional Liquidation Order and the Chapter 15 Sanction Order to administer the liquidation of OAS Finance's assets and affairs as well as to act as duly authorized representatives of the BVI Proceeding for the purposes of maintaining the value of the assets of OAS Finance. Their appointment is "interim" until the hearing of the full liquidation application. This is currently listed for May 26, 2015 although it is my understanding that the directors of OAS Finance are opposing the full liquidation application and have indicated they require a two-day hearing for full legal argument. Consequently, it is unlikely that the full liquidation application will be resolved on May 26,

2015.

28.     Based on the foregoing, it is my opinion that the Petitioners are "foreign representatives" within the meaning of s.101(24) of the Bankruptcy Code.

## VI.  BVI Law Relevant to the Determination of COMI

29.     I am also advised by United States counsel that certain provisions of BVI law are relevant to the determination of OAS Finance's center of main interests ("COMI") under s.1517 of the Bankruptcy Code.

30.     As an initial matter, OAS Finance was incorporated on March 22, 2013 under company number 1766299.  OAS Finance's registered agent is Trident Trust Company (B.V.I.) Limited and its registered office is at Trident Chambers, P.O. Box 146 Road Town, Tortola, VG1110, BVI.  OAS Finance's sole member is OAS Investments Limited, which is also a BVI company. Under clause 5.1 of OAS Finance's Memorandum of Association, the company has full capacity and powers to conduct business in the BVI and internationally, subject to the general provisions of the BVI Business Companies Act 2004 and other BVI legislation. Pursuant to s.245 of the BVI Business Companies Act 2004, a true and correct copy of which is attached hereto as Exhibit "B", the situs of shares of the Companies is the BVI.  Section 245 of the BVI Business Companies Act 2004 provides:

> [f]or the purposes of determining matters relating to title and jurisdiction but not for the purposes of taxation, the situs of the ownership of shares, debt obligations or other securities of a company is in the Virgin Islands.

Under this provision, the situs of the ownership of the shares in a BVI company is in the BVI.

31.     Pursuant to s.175(1)(b) of the BVI Act, upon commencement of the BVI Proceeding, the directors and officers of OAS Finance ceased to have any powers save for

13

the limited residual powers identified in paragraph 13 above. Section 175 of the BVI Act provides that, upon commencement of a liquidation proceeding:

> the directors and other officers of the company remain in office, but they cease to have any powers, functions or duties other than those required or permitted by [Part VI of the BVI Act].

In practice and as a matter of law, save for a residual power to contest the provisional liquidation, directors of a company cease to have all powers upon the appointment of provisional liquidators of the company, and the entire management function thereafter vests in the provisional liquidators (subject to any supervision of the BVI Court as may be ordered or provided for in the order of appointment). I understand from the Petitioners that, following their appointment as joint provisional liquidators on April 16, 2015, the management of OAS Finance has been conducted from the BVI. I further understand from the Petitioners, that they have held numerous meetings in the BVI to formulate strategy and determine the implementation of that strategy on behalf of OAS Finance and for the benefit of its creditors.

### VII. Authority of Purported Brazilian Foreign Representative

32. As noted above, the Provisional Liquidation Order divested OAS Finance's directors of all authority to act, or authorize actions, on behalf of OAS Finance, including in connection with the Brazilian Proceedings and the Tavares Chapter 15 Cases seeking recognition of the Brazilian Proceedings.[8] Moreover, I understand that Tavares was appointed by the now-powerless directors of OAS Finance (as opposed to by an order of the Brazilian Court). Consequently, Tavares is wholly without authority to take any action on behalf of, or as a representative of, OAS Finance without the Petitioners' express

---

[8] The sole power remaining to the directors of OAS Finance is the right to challenge the Provisional Liquidation Order as permitted by BVI law.

authorization. I understand that the Petitioners have declined to provide Tavares with authority to proceed in seeking Chapter 15 recognition of OAS Finance's Brazilian Proceeding. I further understand that the Petitioners have (a) instructed Tavares that he has no authority to act for, or on behalf of, OAS Finance and further instructed him to inform this Court that he lacks authority to proceed in OAS Finance's Tavares Chapter 15 Case, and (b) explicitly revoked Tavares's power of attorney to act on behalf of OAS Finance. Consequently, any action taken by Tavares in the name of, or on behalf of, OAS Finance is unauthorized and should be disregarded. Tavares is thus not a foreign representative, as I understand that term, at least with respect to OAS Finance.

## **CONCLUSION**

I hereby declare, pursuant to 28 U.S.C. s.1746, under penalty of perjury under the laws of the United States of America that the information set forth above is, to the best of my knowledge, information and belief, true and correct.

Executed on this 18 day of May 2015.

                                                       */s/ Andrew Thorp*
                                                         Andrew Thorp