**CHADBOURNE & PARKE LLP**
Counsel for the Petitioners
1301 Avenue of the Americas
New York, New York 10019
(212) 408-5100
Howard Seife
Andrew Rosenblatt
Eric Daucher

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
In re                                                            :
                                                                 :
OAS FINANCE LIMITED                                              : In a Case Under Chapter 15
                                                                 : of the Bankruptcy Code
                                                                 :
Debtor in a Foreign Proceeding.                                  : Case No. 15-11304 (SMB)
---------------------------------------------------------------- x

### DECLARATION OF HENRIQUE FORSSELL

I, Henrique Forssell, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America as follows:

1.  I am a Partner at Krikor, Kaysserlian, Duarte & Forssell ("KKDF"). I am Brazilian counsel to Marcus Allender Wide and Mark T. McDonald (together, the "Petitioners") in their capacities as joint provisional liquidators of OAS Finance Limited ("OAS Finance") and OAS Investments Limited ("OAS Investments" and, together with OAS Finance, the "Companies"). I am familiar with the judicial reorganization proceedings involving the Companies in Brazil (the "Brazilian Proceedings").

2.  I submit this declaration in support of the Verified Petition filed by the Petitioners, the duly authorized foreign representatives of OAS Finance, seeking recognition of OAS Finance's liquidation proceeding (the "BVI Proceeding") in the British Virgin Islands (the "BVI") pending before the Eastern Caribbean Supreme Court, High Court of Justice– Commercial Division, BVI (the "BVI Court").

3.  This declaration is comprised of both statements of legal opinion and

statements of fact. Where the matters stated in this declaration are statements of legal opinion, such statements represent my view of Brazilian law as a practicing lawyer.

4. Where the matters stated in this declaration are statements of fact that are within my personal knowledge, they are true. Where the matters stated in this declaration are statements of fact that are not within my personal knowledge, they are derived from documents and/or information supplied to me by or on behalf of the Petitioners and are true to the best of my knowledge, information and belief.

## I. Professional Background

5. I graduated in 2003 from Universidade Bandeirante de São Paulo with a degree in law. I have been an active member of the São Paulo Bar Association since 2004. I am a native Portuguese speaker and fluent in English. I have worked on transnational insolvency proceedings since 2004, initially acting as counsel for companies under extrajudicial reorganization by the Central Bank of Brazil. I joined ICC-Fraudnet as a member in 2011 and have been nominated by *Who's Who Legal* since 2012 as a Global Expert in Asset Recovery. I have been a Partner at KKDF since 2014.

6. My practice in Brazil includes transnational insolvencies. I have acted as counsel for a number of Brazilian and foreign trustees, including in complex transnational cases that have been filed in the United States under Chapter 15 of the United States Bankruptcy Code, as well as ancillary insolvency proceedings that have been filed in the UK and Switzerland. I also have spoken about transnational insolvency at international conferences since 2012. As a result of my extensive experience in cross-border insolvency matters, I am reasonably familiar with the provisions of Chapter 15 of the United States Bankruptcy Code.

## II. The Brazilian Proceedings: Procedural Background

7. As stated above, I am familiar with the Brazilian Proceedings and the law governing those proceedings.

2

Pg 3 of 7

8. The Companies are incorporated in the BVI and are members of a group of companies comprised of the Brazilian company OAS S.A. ("OAS") and its direct and indirect subsidiaries, which collectively constitute the "OAS Group." I understand that the Companies are special purpose vehicles, the sole purpose of which was to raise financing through the international capital markets and to lend those funds to other members of the OAS Group. Now that that financing has been raised and the funds dispersed, it is my understanding that the Companies conduct no trading business and do not have any employees.

9. On March 31, 2015, OAS and nine other related companies of the OAS Group filed an application for judicial reorganization. Article 47 of the Brazilian Law of Bankruptcy and Judicial Reorganization (Law nº11.101/2005), describes the reasons for a judicial reorganization as follows: "A judicial reorganization is intended to allow the debtor to exceed its financial- economic crisis, in order to maintain the production, the jobs of the employees and the rights of the creditors, thus, permitting the preservation of the company, its social function and the stimulus to the economic activity."

10. The case of OAS and its nine related companies was sent to the 01st Bankruptcy and Judicial Reorganization Court of São Paulo – presided over by the Honorable Judge Daniel Carnio Costa (the "Brazilian Court"), and received the case number 1030812-77.2015.8.26.0100.

11. On April 1, 2015, Judge Costa approved the processing of the judicial reorganization for all the entities, and, as matter of law, affirmed a stay period of 180 days with respect to actions against the entities.

12. Three of the debtors listed, OAS Finance, OAS Investments and OAS Investments GMBH are foreign companies, and in order to accept jurisdiction over them Judge Costa found that:

> The existence of foreign companies as plaintiffs of this lawsuit is not prohibited by law. Brazil has not yet adopted the Model Law of UNCITRAL for cross-border insolvencies, but nothing prevents the companies incorporated abroad, but which have in Brazil their main activities (COMI - center of main interest) and which are undoubtedly controlled and part of a Brazilian economic group, to request before Brazilian courts the legal measures of Law 11.101/05. In this case the parties that were incorporated abroad are controlled by [OAS] and were only used as instruments to obtain investments abroad, and had no operations.

13. The Judge appointed Alvarez & Marsal Consultoria Empresarial do Brasil, as the "judicial administrator." One of the main tasks of the judicial administrator is to review the creditors list once the list is published, which in this case took place on April 17, 2015. The initial list of creditors was produced by the debtor and was published in the *Official Gazette*. As of April 22, 2015, creditors which disagreed with the list, in particular the value of their claims and the classifications of their credits, had 15 days, or until May 7, 2015, to file new claims and/or objections directly to the judicial administrator, who will review and provide to the Brazilian court a new list ("The Judicial Administrator List of Creditors").

14. The list of creditors prepared by the judicial administrator will also be published, and creditors will be able to challenge the list with objections filed directly to the Brazilian court, who will rule on each objection.

15. The debtors have 60 days from the date the reorganization was admitted to file a plan of reorganization (the "Brazilian Plan"). Once filed, any creditors or the public attorney's office will be able to challenge the proposed Brazilian Plan.

16. If creditors challenge the Brazilian Plan, the Brazilian court will order a meeting of creditors to take place, where creditors will vote to approve or reject the Brazilian Plan. If the Brazilian Plan is rejected and the Brazilian court finds that creditors did not abuse their rights to reject the Brazilian Plan, the Brazilian court will order that the companies be liquidated and will appoint a trustee (judicial administrator) to oversee that

liquidation.

### III. Actions Taken by the Petitioners in the Brazilian Proceedings

17. On behalf of the Petitioners, I submitted a request to Alexandre Louzada Tourinho, Dilson de Cerqueira Paiva Filho, Josedir Barreto dos Santos and José Maurício Sollero Filho and all former directors of the Companies, to provide me with the Companies' books and records. I also notified the Companies' directors of the suspension of their powers as a result of the Petitioners' appointment as joint provisional liquidators of the Companies. To date, none of the current or former directors of the Companies have complied with the request for the Companies' books and records or responded to the notice of their suspension of powers.

18. Further, to ensure the protection of the Companies assets in Brazil, I, on behalf of the Petitioners, filed a motion with the Brazilian Court requesting that the Companies be excluded as plaintiffs (i.e., debtors) from the Brazilian Proceedings and, in substitution, be included as creditors (the "Exclusion Motion").

19. The Petitioners argued in the Exclusion Motion that, as a result of their appointment as joint provisional liquidators, the Companies are no longer jointly managed with the other OAS companies, and therefore cannot be subject to a joint plan of reorganization under Brazilian law. The Petitioners also argued in the Exclusion Motion that: (i) a valid new legal representation of the Companies is in place as a result of a valid order of the BVI Court; and (ii) there is no reason to reorganize the businesses of the Companies, as the two entities were only financial vehicles that do not have any employees and have no commercial or business enterprises that can be reorganized. Additionally, given that OAS did not include all of its subsidiaries in the reorganization proceedings, there is no reason why the Companies cannot be excluded. Indeed, it is not mandatory to have all companies of the economic group as plaintiffs (i.e., debtors) in judicial reorganization proceedings.

5

20. On May 5, 2015, the Brazilian Court ordered that OAS and the judicial administrator had five days after publication of its decision in the *Official Gazette* to present a reply to the Exclusion Motion. The decision has not yet been published in the *Official Gazette*, but should be published soon.

21. Importantly, the Companies were not included in the list of creditors published in the *Official Gazette* on April 17, 2015. The Petitioners filed a petition with the judicial administrator on May 6, 2015 to include OAS Investments on the list of creditors as being a creditor of OAS of US$357,653,038.53 and of Construtora OAS S.A. for US$60,000,000.00. The judicial administrator was also informed that the joint liquidators could need to amend the current claims or file new claims once they have access to the books and records of the Companies. It was also requested that the judicial administrator should review the books and records of the debtors in the Brazilian Proceedings to verify if OAS Investments and OAS Finance have other credit rights.

IV.   **Additional Updates Regarding the Brazilian Proceedings**

22. An application to "de-merge" OAS SA and OAS Investimentos was made on March 5, 2015. This was granted provisionally by 09th Civil District Court of São Paulo but OAS has appealed the decision. The appeal is currently under consideration and a decision is expected in 30 to 60 days. In the interim, the merger is effectively suspended.

23. There are a number of applications with respect to the alleged misconduct in the running of the business of the OAS Group. No hearings have been set on these applications.

24. The Brazilian Plan has not been filed but is expected to be filed soon, as the 60 days deadline is ending.

## **CONCLUSION**

I hereby declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States of America that the information set forth above is, to the best of my knowledge, information and belief, true and correct.

Executed on this 18 day of May 2015.

                                           */s/ Henrique Forssell*
                                           Henrique Forssell