**CHADBOURNE & PARKE LLP**
Counsel for the Petitioners
1301 Avenue of the Americas
New York, New York 10019
(212) 408-5100
Howard Seife
Andrew Rosenblatt
Eric Daucher

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
In re                                                          :
                                                               :
OAS FINANCE LIMITED                                            : In a Case Under Chapter 15
                                                               : of the Bankruptcy Code
                                                               :
Debtor in a Foreign Proceeding.                                : Case No. 15-11304 (SMB)
---------------------------------------------------------------- x

**MOTION FOR TEMPORARY RESTRAINING ORDER AND,**
**AFTER NOTICE AND A HEARING, A PRELIMINARY INJUNCTION,**
**PURSUANT TO SECTIONS 105(A) AND 1519 OF THE BANKRUPTCY CODE**

Marcus Allender Wide and Mark T. McDonald (the "Petitioners"), in their capacity as joint provisional liquidators and as the duly authorized foreign representatives, as defined in section 101(24) of title 11 of the United States Code (the "Bankruptcy Code"), of OAS Finance Limited (in provisional liquidation) ("OAS Finance"), through their United States counsel, Chadbourne & Parke LLP, file this motion (the "Motion") pursuant to sections 105(a) and 1519 of title 11 of the United States Code (the "Bankruptcy Code"), for entry of (i) a temporary restraining order, substantially in the form attached hereto as Exhibit "A" (the "TRO"); and (ii) after notice and a separate hearing, an order granting the requested provisional relief, substantially in the form attached hereto as Exhibit "B" (the "Provisional Relief Order"). In support hereof, the Petitioners respectfully submit and rely on the *Verified Petition Under Chapter 15 of the Bankruptcy Code for*

*Recognition of a Foreign Main Proceeding, and Requesting a Temporary Restraining Order, a Preliminary Injunction, and Related Relief* (the "Verified Petition").[1]

## PRELIMINARY STATEMENT

1. On April 16, 2015, OAS Finance, by order (the "Provisional Liquidation Order") of the Eastern Caribbean Supreme Court, High Court of Justice – Commercial Division (the "BVI Court"), was placed into provisional liquidation ("the "BVI Proceeding").[2] Pursuant to the Provisional Liquidation Order, the Petitioners were appointed as joint provisional liquidators and empowered with the sole authority to manage the affairs of OAS Finance. Pursuant to that authority, the Petitioners have commenced the above-captioned Chapter 15 case to seek recognition of the BVI Proceeding as a foreign main proceeding.

2. OAS Finance is also subject to a *recuperação judicial* in Brazil and Tavares, who was purportedly appointed as the foreign representative of those Brazilian proceedings, commenced a Chapter 15 case on behalf of OAS Finance's Brazilian proceeding. In that Chapter 15 case, Tavares sought and obtained a limited provisional stay (the "Tavares Chapter 15 Injunction"), which halted certain creditor attachment activities with respect to the assets of OAS Finance that are located in the territorial jurisdiction of the United Stated. The Tavares Chapter 15 Injunction is set to expire on May 19, 2015 at 5:00 p.m.

3. By this motion, the Petitioners seek to maintain the status quo and extend the limited stay granted pursuant to the Tavares Chapter 15 Injunction pending this Court's recognition of the BVI Proceeding. As this Court has already observed in its consideration and

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Verified Petition.

[2] The BVI Proceeding is a provision liquidation proceeding that is awaiting conversion to a full liquidation proceeding. The definition of foreign proceeding specifically embraces such an "interim proceeding." 11 U.S.C.§ 101(23).

entry of the Tavares Chapter 15 Injunction, OAS Finance is exposed to potentially adverse actions by creditors and other parties in the United States that could have a detrimental impact on OAS Finance and its creditors, and a provisional stay is necessary to protect the assets of OAS Finance in the United States. The circumstances considered by the Court justifying the entry of the Tavares Chapter 15 Injunction have not changed and continue to warrant the protections afforded by this provisional stay.

4. In light of the upcoming expiration of the Tavares Chapter 15 Injunction, the Petitioners seek to extend this limited provisional stay, on substantially the same terms, by the entry of a temporary restraining order, i.e. the TRO. The Petitioners are requesting that the entry of the TRO be considered at the hearing already scheduled for May 19, 2015 to consider recognition of the Tavares Chapter 15 Cases. While the Petitioners would be permitted to obtain a temporary restraining order on an <u>ex parte</u> basis, here they are seeking the entry of the TRO on minimal notice. Given that the interested parties are already scheduled to appear before this Court, the Petitioners have determined not to proceed on an <u>ex parte</u> basis.

5. In addition, after notice and a separate hearing, the Petitioners will seek the entry of an order extending the limited provisional stay pending the recognition of the BVI Proceeding, i.e. the Provisional Relief Order. For the reasons set forth herein and in the Verified Petition, the provisional relief is urgently needed to continue to protect OAS Finance and its assets in the United States and to aid the Petitioners in the orderly liquidation of OAS Finance.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the "Amended Standing Order of Reference" of the United States District Court for the Southern District of New York (Preska, Loretta C.J.), dated January 31, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

3

7. Venue is properly located in this District pursuant to 28 U.S.C. § 1410.

8. The statutory predicates for the relief requested herein are sections 105(a) and 1520 of the Bankruptcy Code, Rule 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 65 of the Federal Rules of Civil Procedure (the "Federal Rules")

## BACKGROUND

9. The Petitioners respectfully refer the Court to the Verified Petition for a full discussion of OAS Finance, its operations and debt structure, and the events precipitating the commencement of the BVI Proceeding.

## RELIEF REQUESTED

10. By this Motion, the Petitioners request the entry of two orders necessary to protect OAS Finance and its assets in the United States and to aid the Petitioners in the orderly liquidation of OAS Finance:

   a) At the hearing currently scheduled for May 19, 2015 (to consider the recognition of the Tavares Chapter 15 Cases), the entry of the TRO pursuant to section 1519(a) of the Bankruptcy Code, temporarily restraining all creditors of OAS Finance from further execution against, attachment or seizure of, creation or perfection of any lien on or in, or other similar interference with, or otherwise obtaining any priority claim against, any property of OAS Finance within the territorial jurisdiction of the United States, subject to certain limitations and qualifications as previously agreed to by creditors of OAS Finance as set forth in the proposed form of order attached hereto as Exhibit A; and

   b) after notice and a separate hearing (on shortened notice to be scheduled for May 28, 2015 at 10:00 a.m.), the Provisional Relief Order, extending the provisional relief granted in the TRO as set forth in the proposed form of order attached hereto as Exhibit B.

## BASIS FOR RELIEF

**I.     The Petitioners are Entitled to
        Provisional Relief Pending Recognition**

11. Upon recognition of the BVI Proceeding as a foreign main proceeding, OAS Finance will have, as a matter of right, the benefit of the relief conferred by section 1520 of the

4

Bankruptcy Code, including the automatic stay under section 362. Until that time, the Petitioners seek immediate, provisional relief to protect OAS Finance from certain creditor enforcement actions occurring in the United States discussed as in the Verified Petition.

12. Section 1519 permits the Court "from the time of filing a petition for recognition until [it] rules on the petition" to grant provisional relief pending recognition of the foreign proceeding where such relief is "urgently needed to protect the assets of the debtor or the interests of the creditors." 11 U.S.C. § 1519(a).

13. OAS Finance's need for provisional relief has already been established, as has the potential harm that could occur to OAS Finance and its creditors absent such relief. See In re OAS S.A., No. 15-10937 (SMB), Order Granting Provisional Relief, Docket #33 (Bankr. S.D.N.Y. April 30, 2015). By this motion, the Petitioners are merely requesting an extension of the same relief provided to OAS Finance in the Tavares Chapter 15 Cases.

14. U.S. bankruptcy courts have routinely imposed the section 362 stay or ordered similar relief to maintain the status quo pending recognition or disposition of foreign proceedings in ancillary cases under both Chapter 15 and former section 304. See, e.g., In re Compania Mexicana de Aviacion, S.A. de C.V., No. 10-14182 (MG) (Bankr. S.D.N.Y. Aug. 5, 2010) (granting a temporary restraining order); In re Japan Airlines Corp., No. 10-10198 (JMP), 2010 WL 1050075 (Bankr. S.D.N.Y. Jan. 28, 2010) (applying section 362 on a provisional basis); STX Pan Ocean Co., No. 13-12046 (SCC) (Bankr. S.D.N.Y. July 1, 2013) (granting a provisional injunction that tracked language of section 362); In re PT Berlian Laju Tanker TBK, No. 13-10901 (SMB), (Bankr. S.D.N.Y. March 29, 2013) (granting a preliminary injunction).

II. **The Court Should Grant the Petitioners a Temporary Restraining Order**

15. The United States Supreme Court has held that ex parte temporary restraining

5

orders may be issued to preserve "the *status quo* only for so long as is necessary to hold a hearing."[3] Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers, 415 U.S. 423, 439 (1974). Rule 65(b) of the Federal Rules, made applicable to this Chapter 15 case by Bankruptcy Rule 7065, requires that to obtain a temporary restraining order, the applicant must show that "immediate and irreparable injury, loss or damage would result to the applicant before the adverse party or that party's attorney can be heard in opposition." In re Vuitton et Fils S.A., 606 F.2d 1, 4 (2d Cir. 1979); see also In re Prudential Lines, Inc., 107 B.R. 832, 835 n.4 (Bankr. S.D.N.Y. 1989 (granting a temporary restraining order where the moving party established a "summary showing of its necessity in order to prevent immediate and irreparable injury"); TKR Cable Co. v. Cable City Corp., 267 F.3d 196, 198 (3d Cir. 2001) (granting a temporary restraining order against defendant to enjoin further sale of cable television descramblers). Indeed, this Court has granted ex parte temporary restraining orders in Chapter 15 cases pending a preliminary injunction hearing. See, e.g., Order to Show Cause with Temporary Restraining Order, In re Canwest Global Commc'ns Corp., No. 09-15994 (SMB) (Bankr. S.D.N.Y. Oct. 6, 2009), ECF No. 14.

16. The issuance of a temporary restraining order is appropriate here as OAS Finance is in need of immediate relief. As set forth in the Verified Petition, the Tavares Chapter 15 Injunction is set to expire on May 19, 2015 at 5:00 p.m. In the absence of the TRO, there will be a gap period until a hearing is held to consider the entry of the Provisional Relief Order. During such time, OAS Finance's assets would be subject to the same potential harms that this

---

[3] Although the Petitioners are only seeking a temporary restraining order, which may be obtained on an ex parte basis, the Petitioners have requested that the Court consider their request at the scheduled hearing to consider recognition of the Tavares Chapter 15 Cases. Accordingly, parties in interest will have an opportunity to appear and be heard.

Court determined required the entry of the Tavares Chapter 15 Injunction. Indeed, the circumstances considered by this Court in granting the Tavares Chapter 15 Injunction remain unchanged: OAS Finance remains exposed to enforcement actions, including attachment proceedings, brought by certain creditors in the United States.

### III. The Requested Provisional Relief Meets the Standards for A Preliminary Injunction

17. In addition, both the TRO and the Provisional Relief Order are appropriate because the Petitioners have demonstrated the ability to satisfy the requirements for a preliminary injunction. The relief available under section 1519 is available pursuant to "the standards, procedures, and limitations applicable to an injunction." 11 U.S.C. § 1519(e). In the Second Circuit, a preliminary injunction may be issued where the following elements are satisfied: (1) there is a likelihood of success on the merits, (2) there is an imminent threat of irreparable harm to the debtors' assets in the absence of an injunction, (3) the balance of harms tips in favor of the moving party, and (4) the public interest weighs in favor of an injunction. See In re Lyondell Chem. Co., 402 B.R. 571, 588 (Bankr. S.D.N.Y. 2009) (citing Calpine Corp. v. Nev. Power Co. (In re Calpine Corp.), 354 B.R. 45 (Bankr. S.D.N.Y. 2006), aff'd 365 B.R. 401 (S.D.N.Y. 2007). In evaluating these factors, courts take a "flexible approach and no one factor is determinative." In re Calpine Corp., 365 B.R. 401, 409 (S.D.N.Y. 2007) (certain internal citations omitted) (citing Haw. Structural Ironworkers Pension Trust Fund v. Calpine Corp., No. 06 CIV. 5358 (PKC), 2006 WL 3755175, at *4 (S.D.N.Y. Dec. 20, 2006)). All four elements are satisfied here.

    A. *The Petitioners Are Likely To Succeed On The Merits*

18. The Petitioners are likely to succeed on the merits and to obtain recognition of the BVI Proceedings as foreign main proceedings. For the reasons set forth in the Verified Petition, the Petitioners have demonstrated that the BVI Proceeding is a foreign main proceeding

7

as defined in section 1502(4) of the Bankruptcy Code and that the Petitioners are the proper foreign representatives in respect of the BVI Proceeding as defined in section 101(24) of the Bankruptcy Code. Indeed, this Court has recognized BVI liquidation proceedings governed by the BVI Act as foreign main proceedings under Chapter 15. See In re Fairfield Sentry, 440 B.R. 60, 63 (Bankr. S.D.N.Y. 2010); Order Granting Recognition of a Foreign Main Proceeding and Related Relief, In re Pioneer Freight Futures Co. Ltd., No. 13-12324 (JMP) (Bankr. S.D.N.Y. Apr. 23, 2013), ECF No. 14. The Petitioners are therefore likely to succeed on the merits. Accordingly, upon such recognition, the provisional relief requested in the Provisional Relief Order will automatically apply to OAS Finance, by operation of sections 1520 and 1521 of the Bankruptcy Code. Such relief is therefore consistent with public policy and similar to relief granted in previous similar cases.

      B.      *OAS Finance Will Suffer Irreparable Harm if an Injunction Is Not Issued*

      19.      As more fully discussed in the Verified Petition, OAS Finance faces immediate and irreparable harm in the absence of the requested injunction. This Court has already recognized the potential harms with respect to OAS Finance if the attachment actions brought by certain creditors are not stayed. As discussed in the Verified Petition, there is State Court Litigation in New York in which an order of attachment was issued, and the Sheriff of the City of New York was ordered to levy within his jurisdiction on any property of OAS Finance. This Court has held that any attempts to seize or interfere with or perfect any liens or priority in OAS Finance's assets in the United States will irreparably harm other creditors by reducing the amount of assets to be distributed to OAS Finance's creditors fairly and equitably. See In re OAS S.A., Case No. 15-10937 (SMB), Hr'g Tr. at 66:3-19 (Bankr. S.D.N.Y. April 17, 2015). Other courts, like this one, have held in the past that the irreparable injury element is satisfied where, as here, foreign debtors seek to enjoin actions to seize their assets located in the United States. See In re

8

Netia Holdings S.A., 278 B.R. 344, 352-53 (Bankr. S.D.N.Y. 2002) (finding irreparable injury in the "dissipation of the finite resources of an insolvent estate"); In re Petition of Caldas, 274 B.R. 583, 598 (Bankr. S.D.N.Y. 2002) (same); In re MMG LLC, 256 B.R. 544, 555 (Bankr. S.D.N.Y. 2000) ("[I]rreparable harm exists whenever local creditors of the foreign debtor seek to collect their claims or obtain preferred positions to the detriment of other creditors.").

20. The BVI Proceeding, with the assistance of this Court, offers the best means of protecting OAS Finance's assets and achieving a global, equitable resolution of OAS Finance's liabilities. That liquidation process will be jeopardized if creditors are able to attack assets (including potentially attaching intangible assets) that OAS Finance may have in the United States, making the requested provisional relief of utmost importance.

    C.    *The Balance of Harms Weighs In Favor of OAS Finance*

21. In contrast to the potentially irreparable injury that OAS Finance would face in the absence of the requested provisional relief, the provisional relief will not significantly prejudice OAS Finance's creditors or any other party in interest. To the contrary, such relief will benefit OAS Finance's creditors by supporting the Petitioners' efforts to preserve and maximize OAS Finance's estate for the benefit of all creditors by achieving a global and equitable resolution of claims against it. See In re Innua Canada Ltd., No. 09-16362, 2009 WL 1025088, at *4 (Bankr. D.N.J. Mar. 25, 2009) (finding that the temporary maintaining of the status quo pending recognition of the foreign proceedings actually served to benefit creditors "by allowing for an orderly administration of the Foreign Debtors' financial affairs under the Canadian Proceeding," tipping the balance of harms in favor of the foreign representative). At this stage, where provisional relief is already in place, and even after recognition of the BVI Proceeding as a foreign main proceeding, all the parties (including creditors currently seeking independent remedies) have an opportunity to participate in the BVI Proceeding,

9

which is designed to take account of and balance the needs of the many against those of the individual in a collective, centralized process.

22.  Without the provisional relief, equitable and orderly distribution of assets pursuant to the BVI Proceeding would be jeopardized. The clear harm to OAS Finance and its assets that would occur absent the provisional relief would be far greater than any potential prejudice to certain individual creditors that might wish to pursue their individual remedies in the United States in disregard of the BVI Proceeding. Thus, the balance of the hardships tips decidedly in favor of granting the provisional relief.

    D.    *The Public Interest Favors Granting the Requested Injunctive Relief*

23.  Granting the requested provisional relief would also further the public policy considerations underpinning Chapter 15 and serve the public interest. See Cunard S.S. Co. v. Salen Reefer Servs. AB, 773 F.2d 452, 459 (2d Cir. 1985) (noting in case under former section 304 the strong "public interest in the fair and efficient distribution of assets in a bankruptcy"). Moreover, granting the relief requested herein would promote the congressionally stated purposes of Chapter 15, among which are to (i) foster fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested parties, including the debtor; (ii) protect and maximize the value of the debtor's assets; and (iii) promote the cooperation between the courts and court-appointed administrators in the United States with those in competent foreign jurisdictions involved in cross-border insolvency cases. See 11 U.S.C. §§ 1501(a), 1525.

    E.    *All Parties are Sufficiently Protected*

24.  As required under section 1522(a) of the Bankruptcy Code, all parties are "sufficiently protected" in connection with the requested provisional relief. Relief under section 1519 should only be denied due to a lack of sufficient protection "if it is shown that the foreign

10

15-11304-smb    Doc 10    Filed 05/18/15    Entered 05/18/15 21:10:07    Main Document
                                    Pg 11 of 13


proceeding is seriously and unjustifiably injuring United States creditors." H. Rep. No. 109-31, pt. 1, 109th Cong., 1st Sess. 116 (2005). A determination of sufficient protection requires a balancing of the respective parties' interests. CT Inv. Mgmt. Co. v. Cozumel Caribe, S.A. de C.V., 482 B.R. 96, 108 (Bankr. S.D.N.Y. 2012); see In re Toft, 453 B.R. 186, 196 n.11 (Bankr. S.D.N.Y. 2011) ("[A] court should tailor relief balancing the interest of the foreign representative and those affected by the relief.").

25. Here, all parties are "sufficiently protected," and their interests balanced, for the reasons articulated in paragraphs 21-23, supra. The requested relief will preserve OAS Finance's assets pending the Court's determination on recognition, while any prejudice to creditors is extremely limited. Accordingly, the temporary relief sought here should be granted as all creditors will be sufficiently protected.

## HEARING DATES AND NOTICE

26. The Petitioners respectfully request that this Court, by means of the proposed TRO, (i) grant immediate injunctive relief to OAS Finance and (ii) schedule a hearing for May 28, 2015 at 10:00 a.m. on shortened notice pursuant to Rule 9006-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") to consider the entry of the Provisional Relief Order in accordance with Rule 65 of the Federal Rules (such date, the "Hearing Date").[4] The Petitioners propose that they will serve this Motion and the signed TRO by overnight delivery service on (a) all entities (or their counsel) against whom provisional relief is being sought under section 1519 of the Bankruptcy Code; (b) all parties to litigation

---

[4] Pursuant to Rule 65 of the Federal Rules, a temporary restraining order may not exceed 14 days. However, Rule 9006-1 of the Local Rules provides for 14 day notice unless otherwise ordered by the Court. Accordingly, the Petitioners request this Court's permission to schedule the hearing to consider the entry of the Provisional Relief Order on shortened notice for May 28, 2015 at 10:00 a.m.

11

pending in the United States in which OAS Finance is a party at the time of the filing of the Petition; (c) the United States Trustee; (d) OAS Finance; (e) all parties who have requested notice; and (f) any interest party that becomes known to the Petitioners. In light of the nature of the relief sought, the Petitioners respectfully submit that the foregoing provides due and adequate notice to all interest parties, and that no further notice is required.

### WAIVER OF FEDERAL RULE OF CIVIL PROCEDURE 65(c)

27. Under the Bankruptcy Rules, security is not a prerequisite for OAS Finance to obtain injunctive relief. See Fed. R. Bankr. P. 7065. In any event, security would be unwarranted under the circumstances here, where OAS Finance's assets are under the jurisdiction of the BVI Court and where the provisional relief would last only until this Court rules on the Petition and the section 362 stay would automatically take effect.

### NO PRIOR REQUEST

28. The Petitioners have not previously requested the relief requested herein in this or any other court. However, this Court has granted substantially similar relief for OAS Finance, *i.e.* the Tavares Chapter 15 Injunction.

## CONCLUSION

WHEREFORE, the Petitioners respectfully request that the Court grant this Motion and (i) enter the TRO, (ii) schedule a hearing to consider the Provisional Relief Order to be held if unresolved objections exist, (iii) enter the Provisional Relief Order after notice and a hearing (to the extent unresolved objections exist), and (iv) grant any such other relief as this Court determines is fair and just under the circumstances.

Dated:  New York, New York
        May 18, 2015

**CHADBOURNE & PARKE LLP**

By:  */s/ Andrew Rosenblatt*
     Howard Seife
     Andrew Rosenblatt
     Eric Daucher
     1301 Avenue of the Americas
     New York, New York 10019
     (212) 408-5100

     *Counsel for the Petitioners*